JOHN B. BALL et al.

*v.*

SIDNEY S. WARD et al.

[Decided November 6th, 1907.]

1. Where further parties are necessary the proper order or decree is generally that the cause stand over for the purpose of bringing in the parties, and not that the bill be dismissed in the first instance.

2. Where, pending an action to set aside a deed for duress, one of the defendants dies testate, leaving all his property, including the land in controversy, to his executors on certain specific trusts, and, on petition, orders are made that the suit stand revived against the trustees and devisees, if the executors are necessary parties, the formal order should be that the cause stand over to make the executors parties, and not to discharge the orders of revivor.

3. The fact that, by the will of a deceased defendant, the executors, *eo nomine*, are trustees and devisees, does not make them parties in their capacity as executors, if they are expressly made parties only as trustees and devisees and because of being such devisees.

4. Where, pending an action to set aside a deed for duress, one of the defendants died testate, leaving his property to executors on certain specified trusts, the executors are necessary parties to the action, since they have an interest conferred on them by statute relating to the sale of lands to pay debts.

5. Under the established practice, independent of statute, the formal proceeding to continue a suit against the executors of a deceased defendant should be by a bill in the nature of a bill of revivor, and not by a bill of revivor, since, under the old practice, the bill of revivor was applicable only when the title of the decedent devolved upon his representatives by operation of law, and not by act of the decedent.

6. Though the statute of abatement (*Gen. Stat. p. 2 § 5*) provides for the revival by order of suits in chancery against the representatives, &c., of a deceased defendant when there are two or more defendants, and that in such case no bill of revivor shall be necessary, this section seems applicable only to the strict case of a bill of revivor, and not to one where a supplemental bill is necessary, but chancery rule 210, adopted in 1883, is broad enough to include both classes, and provides for such revival by order where a suit becomes defective by reason of change or transmission of interest or liability, which order, when served upon the parties who would under the existing practice be defendants to a bill of revivor or supplemental bill, will be binding as if obtained under existing practice.

7. Chancery rule 210, adopted in 1883, providing for application to the chancellor to discharge an order of revivor, must be *held*, since it does not limit or define the grounds for such an application, to authorize it on any ground which would be a reason for objecting to a decree of revivor if a bill had been filed.

---

On motion to discharge orders of revivor.

*Mr. Alfred F. Skinner,* for the motion.

*Messrs. Riker & Riker, contra.*

EMERY, V. C.

By stipulation of counsel filed at the hearing of the motion, the substantial question argued and to be decided is whether the executors of Sydney S. Ward, the defendant, who has died pending suit, are necessary parties to the suit, so that the suit could not proceed to decree in their absence. The bill was filed to set aside a deed made by complainants to the deceased upon the ground of duress, the duress alleged being threats of arrest and prosecution of the complainant's son for obtaining money on false pretences from Ward, and which money was due from the son to Ward. Whether the conveyance was made in payment or part payment of the son's debt, or as security therefor, does not appear on the face of the bill. The answer of Ward and his wife denies the alleged duress and avers a voluntary conveyance. The answer also fails to set up clearly or expressly whether the conveyance was by way of payment or security. Ward died on August 23d, 1906, after filing the answer, and on October 22d, 1906, a petition was filed setting up his death, leav-

ing a will admitted to probate October 1st, 1906, by which, after directing his debts to be paid, the testator gave, devised and bequeathed all the residue of his estate (including the land conveyed by the deed in question) to his executors, upon certain trusts specified, and empowered his executors and trustees to sell his real estate. His wife and two other persons, Everett Courtright and Elwood C. Harris, were appointed executors with provision for substitution of testator's daughter, Nellie W. Ball, in place of his wife as executrix and trustee on the death or remarriage of his wife. On October 23d an *ex parte* order was made on this petition directing that the suit stand revived and continued against Mrs. Ward individually, and against Messrs. Ward, Courtright and Harris, devisees and trustees under the will, and Nellie Ward Ball (who was a beneficiary under the trusts), as defendants. Mrs. Ward afterwards died, and Mrs. Ball qualified as executrix in her place, and on March 7th, 1907, a petition was filed for the revival of the suit against the devisees and trustees of Ward, on which *ex parte* order was made directing that Nellie Ward Ball, one of the devisees and trustees, be made defendant, and that the suit stand revived and continued in the name of Nellie Ward Ball, individually, and Nellie Ward Ball, Courtright and Harris, trustees and devisees under the will. The trustees are not made parties as executors, and the complainants do not desire or intend to make them parties in that capacity. The motion is made to discharge the orders for revivor on the ground that the executors as such are necessary parties to the suit as revived, and that the suit cannot proceed to decree unless they be made parties. By stipulation filed on the hearing, this substantial question was argued and is to be decided, the court to be at liberty to direct such formal pleadings as may be necessary.

Where further parties are necessary the proper order or decree is generally not that the bill be dismissed in the first instance, but that the cause stand over for the purpose of bringing in the parties. If the necessary parties are not brought in the bill, of course, may be dismissed, and if the executors here are necessary parties, the formal order should not be to discharge the orders of revivor, but that the cause stand over for

the purpose of making the executors parties. The fact that by the will the executors, *eo nomine,* are trustees and devisees, does not make them parties in their capacity as executors, if they are expressly made parties only as trustees and devisees, and because of being such devisees. And if as executors they are necessary parties, they must, under these circumstances, be made such in that capacity in order to be parties as executors and bound in that capacity by the final decree of the suit.

Our decisions seem to establish the general rule that on the death of any owner or holder of the title to lands against whom suit has been brought for the purpose of divesting the title, wholly or in part, in favor of the complainant, the personal representatives of the decedent, his executors or administrators, are necessary parties as having an interest in the lands conferred on them as such by our statutes relating to the sale of lands to pay debts. This rule was declared and the right put on that ground (in connection with others) in the case of a bill by vendee against a vendor for specific performance. *Downing* v. *Risley,* *15 N. J. Eq.* (*2 McCart.*) *93, 95 (Chancellor Green, 1862*). This decision has since been followed and approved in this class of cases for the same reason, and while there are other and additional reasons for making the personal representatives parties in such suits, the settled recognition of the necessity of making them parties because of their statutory interest or estate in the lands for the payment of debts, makes the decisions binding authorities upon the necessity, wherever the statutory interest exists. The same rule was applied, and for the same reason, by Vice-Chancellor Van Fleet in a suit for partition where, over the objection of complainant, it was ordered that an administrator be made party defendant on the death of his intestate pending the suit. *Owen* v. *Hixon,* *9 N. J. L. J. 304 (1884).* In the absence of any circumstances appearing on the record removing the case from the control of the general rule, and following the reasoning of these decisions, I must hold that the executors as such are necessary parties.

As to the form of making them parties my view is that under the established practice, independent of statute, the formal proceeding to continue the suit should be by a bill in the nature

of a bill of revivor, and not by a bill of revivor. The reason is that under the old practice the bill of ,revivor was applicable only where the title or interest of the decedent devolved upon his representatives (heirs or personal representatives), by operation of law, and not by the act or deed of the decedent. In *Slack* v. *Walcott, 3 Mason 508 (1823),* Mr. Justice Story shows the correctness of this distinction, with its reasons from the authorities, which are examined at length.

The statute of abatements, section 5 (*Gen. Stat. p. 2*), provides for the revival by order of suits in chancery where there are two or more defendants, and upon the death of any defendant "against the representatives of the deceased party or any other who may become interested by the death of such party," and that in such case no bill of revivor shall be necessary. This section would seem to be applicable only to the strict case of a bill of revivor, and not to extend to the case where a supplemental bill in the nature of a bill of revivor was necessary under the old practice. *Ross* v. *Hatfields, 2 N. J. Eq. (1 Gr. Ch.) 363 (Chancellor Pennington, 1840).* But chancery rule 210, adopted by Chancellor Runyon in 1883, is broad enough to include both classes, and provides for such revival by order of a suit becoming defective "by reason of some change or transmission of interest or liability," which order of revivor, when served upon the parties who would, according to the existing practice, be defendants to a bill of revivor or supplemental bill, will be binding as if obtained under existing practice. Provision is, however, made for applying to the chancellor to discharge the order, and in view of the fact that the order when served has, under the rule, the same effect as if obtained on a bill of revivor or supplemental bill, it would seem that on a motion to discharge the order the defendant brought in might avail himself of any objection to the order which appears upon the record and would, under the previous practice, have entitled him to object to a decree of revivor. The want of necessary parties is an objection of this character. Under the English act (see *2 Dan. Ch. Pr. (6th ed.) 1510, note 1*), from which our rule 210 is substantially taken, it is expressly provided by the act itself that the motion for discharge of the order may be made "on any ground which

would have been open to him on a bill of revivor or supplemental bill stating the previous proceedings and the change or transmission of interest and praying the usual relief." The rule not restricting or defining the grounds must be held to include reasons for objecting to a decree of revivor if a bill had been filed. As the record stands I will deny the motion to discharge the orders of revivor, but will direct that the cause stand over for the purpose of taking orders of revivor against the executors, without prejudice, however, to the right of the complainant to file a bill in the nature of a bill of revivor against such parties as he may be advised.