FELLMAN v. ROYAL INS. CO.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1911.)

No. 2,003.

1. APPEAL AND ERROR (§ 267*)—JUDGMENT—EXCEPTIONS.
   The suing out of a writ of error to review a judgment is a sufficient exception to the judgment.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 267.*]

2. APPEAL AND ERROR (§ 859*)—WRIT OF ERROR—REVIEW—RECORD.
   A writ of error brings before the appellate court for review the record of the case, the pleadings, the judgment, bill of exceptions, and any agreed statement of facts.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3445; Dec. Dig. § 859.*]

3. APPEAL AND ERROR (§ 849*)—WRIT OF ERROR—RECORD.
   Where a case at law is tried before the court, a jury being waived, there must be either a statement of facts by the parties or a finding of facts by the court, stating the ultimate facts and presenting questions of law only, or the appellate court on a writ of error cannot review the case on the merits.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3363–3365; Dec. Dig. § 849.*]

4. APPEAL AND ERROR (§ 850*)—RECORD—AGREED STATEMENT OF FACTS.
   Where, in an action on an award pursuant to a fire policy imposing a short limitation within which to sue on the policy, which had expired before the commencement of the action, insurer, which had admitted liability on the award and had tendered the amount thereof, which was rejected by insured, relied on limitations and estoppel, an agreed statement of facts, submitted before judgment, which recited the tender of the amount due under the report of the appraisers and umpire and the refusal to receive the same, stated ultimate facts sufficient under the issues.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 850.*]
   Shelby, Circuit Judge, dissenting.

On petition for rehearing. Denied.

For former opinion, see 184 Fed. 577.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The elaborate and well-considered opinion of Judge McCormick (184 Fed. 577) fully disposes of this case on the real question at issue between the parties, and we find nothing in the petition for a rehearing to affect the correctness of the same. To the objection that the case was not before us on the merits, because the record shows no exception to the judgment, nor any formal bill of exceptions, we deem it proper to give some consideration.

[1] The judgment below appears to have been on all the merits the case had and was final. The suing out of a writ of error is a sufficient exception to a judgment.

[2] The writ of error brings before the appellate court the record of the case for review, the pleadings, the judgment, bills of exception, as also any agreed statement of facts. See Baltimore & Poto-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

185 F.—44

mac R. Co. v. Trustees, 91 U. S. 127, 130, 23 L. Ed. 260; England v. Gebhart, 112 U. S. 502, 505, 5 Sup. Ct. 287, 28 L. Ed. 811.

[3] Where, in a case at law, a trial by jury is waived, and the case tried and judgment rendered by the court, there must be either a statement of facts by the parties, or a finding of facts by the court, analogous to a special verdict, and stating the ultimate facts, presenting questions of law only, in order for the appellate court to review the case upon the merits. See Raimond v. Terrebonne Parish, 132 U. S. 192, 10 Sup. Ct. 57, 33 L. Ed. 309; Glenn v. Fant, 134 U. S. 398, 10 Sup. Ct. 583, 33 L. Ed. 969; Lloyd v. McWilliams, 137 U. S. 576, 11 Sup. Ct. 173, 34 L. Ed. 788; British Queen Mining Co. v. Baker, 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Moller v. United States, 57 Fed. 495, 6 C. C. A. 459.

In Worthington v. Mason, 101 U. S. 152, 25 L. Ed. 848, and again in New York, etc., Railroad Co. v. Madison, 123 U. S. 527, 8 Sup. Ct. 247 (31 L. Ed. 258), the Supreme Court declared:

"As we understand the principles on which judgments here are reviewed by writ of error, that error must appear by some ruling on the pleadings, or on a state of facts presented to this court. Those facts apart from the *pleadings* can only be shown here by a special verdict, an *agreed statement duly signed and submitted to the court below*, or by bill of exceptions."

It thus distinctly recognized that an agreed statement of facts is a part of the record for the purpose of review.

In the present case the record shows an agreed statement of facts duly submitted to the court below before judgment, by the note of evidence jointly offered by both parties as follows:

"On trial of plea of prescription and estoppel plaintiff offers:

"(1) Policy of insurance of London & Lancashire Insurance Company of Liverpool, No. 3666390, sued on in this case.

"(2) Interrogatories on facts and articles and defendant's answers thereto in this case.

"(2a) Lease of the premises assured.

"(3) Records in this court No. 12,990 and 12,991, styled 'Mrs. Anna Dreyfous, Widow of Fellman, v. Royal Insurance Co. of Liverpool' and 'Same v. London & Lancashire Fire Ins. Co. of Liverpool,' and particularly Complainant's Exhibit C in said record No. 12,990, styled 'agreement for submission to appraisement' and 'award.'

"(4) It is submitted by the parties that, while the agreement for 'submission to appraisement,' and styled 'award,' above referred to as Exhibit C, does not by its terms include policy No. 3666390, set up in the petition in this case, yet it was verbally agreed between the parties to this case that the appraisers and the umpire should consider and pass on the time necessary to rebuild, and that their finding should fix the number of days necessary to rebuild, to be used in fixing the amount of the loss under said policy No. 3666390.

"(5) Defendant makes same offerings as above.

            "[Signed]  Farrar, Jonas & Kruttschnitt,
                     "Saunders & Gurley,
                           "Attorneys for Plaintiff.
            "Clegg & Quintero,
                           "Attorneys for Defendant."

Supplemented by the agreed statement of facts filed on May 31, 1907, the day of hearing case, as follows:

"The following additional statement of fact is agreed to between the plaintiff and the defendant, to make part of the statement of facts to be used by

the court in considering and deciding this cause on the plea of prescription filed by the defendant, and heretofore, by agreement, submitted to the court, and now under advisement by the court, to wit:

"That on the 14th day of August, 1901, Messrs. Ross & Cooke, representatives of the Royal Insurance Company, the London & Lancashire Fire Insurance Company, and the Lancashire Fire Insurance Company, made to the counsel of the plaintiff a tender of what they claimed as due under the policies held by the plaintiff in all three of said companies, covering the loss on the building and the loss on the rent, the amount of the tender for the rent being the sum of two thousand three hundred and eleven $12/100$ dollars ($2,311.12); said companies claiming that the amount tendered was the amount due, as per the report of the appraisers and umpire heretofore offered in evidence in this cause, and that the counsel of the defendant declined to receive the amount thereof tendered, but agreed with the parties making the tender, although made by draft, that it should be considered as if made in lawful money of the United States, with all due form of law.

"[Signed] Farrar, Jonas & Kruttschnitt,
"Attorneys for Plaintiff.
"Hall & Monroe,
"Attorneys for Plaintiff.
"Clegg & Quintero,
"Attorneys for Defendant."

[4] This last agreed statement of facts is not subject to the criticism in Raimond v. Terrebonne Parish and Glenn v. Fant, supra. All the facts agreed to are ultimate facts, not in any way involved, restricted, or limited by agreement or conclusions of law. By itself this agreed additional statement of facts in this case would be sufficient under the issue made by the pleadings and submitted to the court, because the ultimate facts therein stated and agreed to are conclusive of the case.

In Maloney v. Adsit, 175 U. S. 281, 20 Sup. Ct. 115, 44 L. Ed. 163, the question was whether the parties could by agreement settle a good bill of exceptions. Here the question is whether the parties can make an agreed statement of facts a part of the record before the judge—a jury being waived—passes upon and decides the issue involved.

The bill of exceptions involves judicial action. The agreed statement is a judicial admission, of the same conclusiveness as if incorporated in both petition and answer.

The petition for rehearing is denied.

SHELBY, Circuit Judge (dissenting). I think the rehearing should be granted. The judgment of the Circuit Court does not refer to the "additional statement of fact," nor does the record show when it was written, or that it was filed in the lower court, either before or after the judgment was entered. The judgment refers to a note of evidence, which includes many documents and an "agreement for submission to arbitration"; but there is no reference to the "additional statement of fact" as having been submitted to the court, either before or after judgment. If we assume that the paper was on file in the court below, it is no part of the record, unless in some way identified by or called to the attention of the lower court. England v. Gebhardt, 112 U. S. 502, 5 Sup. Ct. 287, 28 L. Ed. 811. The judgment shows that it was entered "after hearing evidence"; but it does not

appear what evidence was heard. The "additional statement of fact" does not show the ultimate facts proved by the documents that were before the court, as shown by the judgment, nor does it show what was proved by the evidence referred to by the trial judge. On its face it purports to be a mere addition to facts, not all the ultimate facts. It seems to me, therefore, that if it were shown to have been before the trial court before judgment, or approved by that court after judgment, it would not have been sufficient.

The majority of this court must have gone beyond this "additional statement" to have reached its conclusion, for a judgment on the merits has been entered. If the case had been tried alone on the "additional statement," and the trial court had found against the plea of prescription, the defendant company would have been permitted to plead again to the merits. Lang v. Kimball, 15 La. 200; Bijou Company v. Lehmann, 118 La. 956, 43 South. 632. But this court, reversing the judgment which sustained the plea of prescription, rendered judgment final against the defendant company without giving it an opportunity to plead over, contrary to State ex rel. Negrotto v. Judges, 45 La. Ann. 1437, 14 South. 419. The entry of final judgment shows, however, that the majority examined the case on its merits beyond the facts set out in the "additional statement of fact," and holds that, not only the defense of prescription is not good, but that the facts are such that no good defense could be made; and this is done without a finding of facts, a bill of exceptions, or an agreement showing the ultimate facts deduced from the documents and other evidence submitted to the court.

The award does not authorize the refusal to let the defendant plead over, for the award relates only to values.