## WASTUN v. LINCOLN NAT. LIFE INS. CO. OF FT. WAYNE, IND.*

(Circuit Court of Appeals, Eighth Circuit. April 2, 1926.)

No. 7043.

**1. Appeal and error �köð850(3)—Agreed statement equivalent to special finding of facts for purpose of review.**

An agreed statement of facts, submitted to the court and on which its judgment is founded, is equivalent to a special finding of the facts for the purposes of review by the appellate court.

**2. Insurance ⊸365(1)—Contract of reinstatement of life policy held contract of state of insurer's home office, where application for reinstatement was accepted and not governed by laws governing policy originally (Rev. Code S. D. 1919, §§ 9330, 9331, 9340).**

Where application for reinstatement of a lapsed life policy contained a statement that the policy should not be considered reinstated until the application should be duly approved by the company at its home office, and that, if not approved, the advance payment tendered therewith should not be binding on the company, but should be returned, the contract of reinstatement was a contract of the state of the home office and not governed by Rev. Code S. D. 1919, §§ 9330, 9331, 9340, though policy was originally South Dakota contract.

**3. Contracts ⊸145—Place of contract is where last act was done essential to meeting of minds.**

The test of the place of a contract is the place where the last act was done by either of the parties essential to a meeting of the minds.

**4. Contracts ⊸2, 144.**

The validity and interpretation of a contract are governed by the law of the place where it is made.

**5. Insurance ⊸310(2), 349(3)—Agreement that failure to pay note for premium shall terminate, policy is valid, and no affirmative act of cancellation is necessary.**

In the absence of statute, a contract between insured and insurer that the policy shall cease to be in effect if a note given for payment of a premium is not paid at maturity is valid, and no affirmative action by the insurer canceling the policy is necessary.

**6. Insurance ⊸365(1)—Contract for reinstatement of life policy held not invalidated by statute (Burns' Ann. St. Ind. 1914, § 4622a).**

Burns' Ann. St. Ind. 1914, § 4622a, providing that no life policy shall be issued in the state unless it contains a provision that the policy and application attached shall constitute the entire contract, *held* not to invalidate a contract for reinstatement of a lapsed policy on terms agreed upon though some of such terms are expressed in a note given for a deferred premium.

**7. Insurance ⊸365(1)—Agreement for reinstatement of lapsed policy is new contract.**

After a life policy has ceased to be in force, because of nonpayment of a premium, an agreement for reinstatement of the policy is a new contract.

**8. Insurance ⊸311(1).**

The rights of the beneficiary in a life policy are dependent on the keeping in force of the policy.

In Error to the District Court of the United States for the District of South Dakota; James .D. Elliott, Judge.

Action at law by Ella Wastun against the Lincoln National Life Insurance Company of Ft. Wayne, Ind. Judgment for defendant, and plaintiff brings error. Affirmed.

George J. Danforth, of Sioux Falls, S. D. (Edward D. Barron, of Sioux Falls, S. D., on the brief), for plaintiff in error.

Fred B. Shoaff, of Ft. Wayne, Ind. (Charles O. Bailey, John H. Voorhees and Theodore M. Bailey, all of Sioux Falls, S. D., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and MUNGER and JOHNSON, District Judges.

MUNGER, District Judge. The plaintiff in error brought suit against the defendant in error to recover upon a policy of insurance issued by the defendant in error upon the joint lives of the plaintiff in error and her husband, Cornelius O. Wastun, payable to the survivor upon the death of either of the insured persons. The action was dismissed, and this error proceeding is brought to review the judgment of dismissal. The question presented is whether the policy was in force at the time of the death of the husband of the plaintiff in error.

[1] The case was presented to the court upon the pleadings and a written stipulation of the facts. The sufficiency of these facts to support the judgment may be reviewed in this proceeding, because an agreed statement of facts submitted to the . court and upon which its judgment is founded is equivalent to a special finding of the facts. Lehnen v. Dickson, 13 S. Ct. 481, 148 U. S. 71, 73, 37 L. Ed. 373; Supervisors v. Kennicott, 103 U. S. 554, 556, 26 L. Ed. 486; Fellman v. Royal Ins. Co., 185 F. 689, 690, 107 C. C. A. 637; Mutual Life Ins. Co. of New York v. Kelly, 114 F. 268, 271, 52 C. C. A. 154. The policy was issued May 16, 1921. The application for the insurance was executed in South Dakota and delivered to the company's agent in South Dakota, and the policy of insurance was delivered to the insured in that state. The policy contained a provision that the insurance was granted in consideration of the payment in advance of $164.50, and

*Rehearing denied July 1, 1926.

the annual payment of a like sum to the company on or before the 16th day of every May thereafter during the continuance of the contract. The policy also contained a provision that "one month of grace (not less than 30 days) without interest charge shall be allowed in the payment of any premium after the first, during which time the policy shall remain in force." Another provision allowed the reinstatement of the policy, if it should lapse, if the insured jointly furnished evidence of insurability satisfactory to the company, and paid all premium arrears with interest thereon. The second annual premium was due on May 16, 1922. It was not paid then, nor within the period of one month thereafter. On July 17, 1922, the insured each made a written application for the reinstatement of the policy. With the applications there was delivered to the company's local agent in South Dakota $89.50 in money and a promissory note signed by Mr. Wastun, the husband of the plaintiff in error, dated June 5, 1922, whereby he promised to pay the company $75 on November 16, 1922, with interest from June 16, 1922. This note contained these provisions:

"On November 16, 1922, after date, for value received, I promise to pay to the order of the Lincoln National Life Insurance Company at Minneapolis, Minnesota, seventy-five and no/100 dollars, with interest at the rate of six per cent. per annum from June 16, 1922.

"This note, together with eighty-nine and 50/100 dollars in cash is tendered to said company by the maker upon the understanding and agreement that it shall not be binding upon the maker until it is accepted by the secretary or assistant secretary of said company, if and when accepted such acceptance shall be upon the following express agreement, to wit:

"That although the annual premium due on the 16th day of May, 1922, on policy No. 86758, has not been paid, the insurance thereunder shall be continued in force until midnight of the due date of this note; that if this note is paid on or before the date it becomes due, or within fifteen days thereafter, such payment, together with said cash, will then be accepted by the company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that, if this note is not paid on or before the day it becomes due, or within fifteen days thereafter, it shall thereupon automatically cease to be a claim against the maker, and said company shall retain said cash as a part compensation for the rights and privileges hereby granted and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made; that said company has duly given every notice required by its rules or by the laws of any state in respect to said premium, and in further compensation for the rights and privileges hereby granted the maker hereof has agreed to waive, and does hereby waive, every other notice in respect to said premium or this note, it being well understood by said maker that said company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms."

The note was not paid at the date when it was due, nor was it ever paid. Mr. Wastun died on or about May 30, 1923.

[2] The plaintiff in error contends that the contract between the parties is governed by the laws of South Dakota, and especially by portions of the statutes of that state providing that no policy of life insurance shall be issued or delivered in the state unless authorized by other portions of the statutes, a provision that the policy shall constitute the entire contract between the parties, and a provision that no life insurance company shall make any discrimination between policy holders of the same class in the amount and payment of premiums. South Dakota Rev. Code (1919) §§ 9330, 9331, 9340. She further contends that the construction placed upon these statutes by the Supreme Court of South Dakota, in the case of Ritter v. American Life Ins. Co., 203 N. W. 503, should be adopted by this court. The basis of these contentions is that the contract was one governed by the laws of South Dakota. The facts are undisputed that, after the policy had lapsed because of the failure of the insured to pay the second annual premium, the insured delivered to the company's local agent in South Dakota the written applications for reinstatement of the policy, the sum paid in cash, and the note. The applications were addressed to the company, and the note was payable to the company. The agent sent the applications, the note, and the money to the head office of the company at Ft. Wayne, Ind., and at that place they were accepted by the company July 20, 1922. The applications for reinstatement were mere proposals to the company. They requested the company to revive the policy, reciting that it had lapsed on May 16, 1922.

The applications contained statements certifying to the good health of the insured, and a statement as follows:

"I also further agree that the said policy shall not be considered reinstated until this application shall be duly approved by the company at its home office and that any payment of premium made by me in advance shall not be binding upon the company until this application shall be so approved. It is understood that the amount of such advance payment shall be returned to me in case the company does not approve this application for reinstatement of said policy."

[3, 4] In the note was the statement, already quoted, that it was tendered to the company on the understanding and agreement that it should not be binding on the maker until it was accepted by the secretary or assistant secretary of the company. It is clear that the contract for reinstatement of the policy was an Indiana contract. The test of the place of a contract is the place where the last act was done by either of the parties, essential to a meeting of the minds. Mitchell Furn. Co. v. Selden Breck Co., 42 S. Ct. 84, 257 U. S. 213, 214, 66 L. Ed. 201; Clark v. Belt, 223 F. 573, 577, 138 C. C. A. 1; Elliott on Contracts, §§ 62, 1116. The validity and interpretation of the contract are governed by the law of the place where it is made. Scudder v. Union National Bank, 91 U. S. 406, 412, 413, 23 L. Ed. 245; Pritchard v. Norton, 1 S. Ct. 102, 106 U. S. 124, 130, 27 L. Ed. 104. After the company had accepted the applications, the contract consisted of the applications, the note, and the policy. Iowa Life Insurance Co. v. Lewis, 23 S. Ct. 126, 187 U. S. 335, 346, 47 L. Ed. 204; Insurance Co. v. Norton, 96 U. S. 234, 240, 24 L. Ed. 689. The statutes of South Dakota did not enter into the making of this contract for reinstatement of the policy, nor did they govern its validity, nor the interpretation to be put upon the terms of the contract.

[5, 6] In the absence of a statute, a contract made between the insured and the insurer, providing that a policy shall cease to be in effect, if a note, which has been given for the payment of a premium on the policy, is not paid at maturity, is a valid contract, and no affirmative action by the insurer canceling the policy is necessary. Iowa Life Insurance Co. v. Lewis, 23 S. Ct. 126, 187 U. S. 335, 351, 353, 47 L. Ed. 204; Manhattan Life Ins. Co. v. Wright, 126 F. 82, 85, 61 C. C. A. 138; Lefler v. New York Life Ins. Co., 143 F. 814, 817, 74 C. C. A. 488; New York Life Ins. Co. v. Slocum, 177 F. 842, 847, 101 C. C. A. 56; Reed v. Bankers' Reserve Life Ins. Co. (C. C.) 192 F. 408, 411; Philadelphia Life Ins. Co. v. Hayworth (C. C. A.) 296 F. 339, 343. At the time of the making of the contract in question, there was in effect in Indiana a statute somewhat similar to the statutes of South Dakota, which have been mentioned. Section 4622a, Burns' Ann. Indiana Stats. (1914), provided that no policy of life insurance should be issued or delivered in that state, or be issued by a life insurance company organized under the laws of that state, unless it contained a provision "that the policy, together with the application therefor, a copy of which application shall be attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after not more than two years from its date, except for nonpayment of premiums and except for violation of the conditions of the policy relating to naval and military service in time of war." In Coughlin v. Reliance Life Ins. Co. (Minn.) 201 N. W. 920, it was held that the effect of the Minnesota statutes prohibiting insurance companies from making any contract except as expressed in the policy and requiring the entire contract to be expressed in the policy was to strike down as nugatory, because not stated in the policy, a condition stated in a note given to the company by the insured for a portion of the second annual premium on his policy. The condition was that, if the note was not paid when due, the policy was to be considered as lapsed as of the date of the note. It was held that such a condition did not invalidate the obligation of the maker of the note, although the note contained a provision that if it was not paid when due, it should automatically cease to be a claim against the maker. The decision also rejected the contentions that the statute only required the policy to express the contract of insurance when it was issued, and did not prevent the making of a subsequent contract for a forfeiture of the policy if a note given for the premium was not paid. In the case of Ritter v. American Life Ins. Co., 203 N. W. 503, the Supreme Court of South Dakota accepted the reasoning of the Coughlin Case as applied to a note for the third annual premium, containing a release of the insurance company from liability in case the note was not paid at maturity, because the South Dakota statute required the policy to express the entire contract between the parties.

Assuming that the statute of Indiana applies to the contract for reinstatement of a policy which had been issued in South Dakota, no decision by the Supreme Court of

Indiana has been cited construing the statute so far as it applies to conditions in a contract between the insured and the insurer for reinstatement of a lapsed policy. That this statute requires a policy, when originally issued, to contain all the contract, must be conceded. If the policy involved in this case states all of the contract between the parties, it ceased to be a claim against the company when the second premium was not paid. If it was revived it was solely by reason of the applications therefor, the note, the cash payment, and the acceptance of them by the company. Some of the terms of this reinstatement were expressed in the note. If those terms are valid, then the policy ceased as a liability of the company 15 days after the note became due. The plaintiff in error claims that the effect of a statute like that of Indiana, is to strike down the portions of the note, other than the obligation to pay the company $75 and interest at the maturity of the note. It is obvious that this excision makes a new contract between the parties and cuts off essential portions of the contract which the parties had made. It would result that, although the contract stated that the note was tendered to the company upon the understanding and agreement that, if it was accepted, the acceptance should be upon an express agreement stated that it would be held that the acceptance would be absolute, freed from the conditions named; that, although the contract provided that the policy should continue in force only until the due date of the note, the policy would be continued for the full term of the second year; that although the contract provided that if the note was paid when due, that the payment and the cash previously paid would then be accepted as payment of the premium, the policy would be held to be in force from the time the note was taken, and payment of the note was not necessary to keep the policy alive; that the provision in the contract that, if the note was not paid at its due date, it should automatically cease to be a claim against the maker would be held to be of no force, and the maker would be liable for the amount thereof; that the provision that the company shall retain the cash paid as part compensation for the rights granted in the contract and the rights granted by the contract and policy should be the same, if the note was not paid, as if the cash had not been paid or the agreement made would also be held to be of no effect. These claims of plaintiff in error derive support from the decisions and the reasoning applied in the Coughlin Case and the Ritter Case.

No claim is made by plaintiff in error that these provisions were not so essential that the note would have been executed even if they had been omitted. If they were illegal agreements, then the whole contract is so affected that the courts might refuse to enforce it, but the courts are not permitted to make contracts for parties nor to alter the obligations of contracts which have been made. The Indiana statute provides that no policy of life insurance shall be issued or delivered by a life insurance company organized under the laws of that state, unless it shall provide that the policy and the application therefor shall constitute the entire contract between the parties.

[7, 8] The statute does not state that the policy shall continue to be the sole contract between the parties. It refers to the policy that is originally issued. After it has ceased to be in force, because of nonpayment of the premium, an agreement for a reinstatement of the policy is a new contract. Equitable Life Assur. Co. v. McElroy, 83 F. 631, 639, 28 C. C. A. 365; 37 Corp. Jur. 495. This new agreement is not the issuance of a policy, but a contract for the continuance in force of a former contract. This construction of the statute not only complies with its literal terms but is necessary for the reasonable protection, both of the policy holder and of the company. It enables the company to give to the policy holder, who is unable to make payment in full of his premium, the privilege of making payment at a later period or by installments, while the policy is kept alive for his benefit. It gives to the company protection from default in payment of the deferred premium, as it had been protected by the terms of the policy when the premium first became due. It is essential to the business of life insurance that the companies shall have efficient means for collecting the premiums at the time they become due. Klein v. Insurance Co., 104 U. S. 88, 91, 26 L. Ed. 662; New York Life Ins. Co. v. Statham et al., 93 U. S. 24, 30, 31, 23 L. Ed. 789. From this construction of the statute, it would follow that the contract as embodied in the note was not invalid, but obligatory on the parties. The views which have been expressed are in harmony with the conclusion reached in well-considered cases arising under statutes similar to those of Indiana. In these cases the validity of contracts of this nature have been upheld. Fidelity Mut. Life Ins. Co. v. Price, 77 S. W. 384, 117 Ky. 25, 32; French v. Columbia Life & Trust Co., 156 P. 1042, 80 Or. 412, 420, 441, Ann. Cas. 1918D, 484; Keller v.

North American Life Ins. Co., 133 N. E. 726, 301 Ill. 198, 209; Short's Adm'x v. Reserve Loan Life Ins. Co., 194 S. W. 773, 175 Ky. 554, 563; State. Mut. Life Ins. Co. v. Rosenberry (Tex. Com. App.) 213 S. W. 242; Southland Life Ins. Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989. A claim is made that the plaintiff in error, the beneficiary of the policy, may recover thereon, although her husband, the insured, failed to make payment of the premium. The rights of a beneficiary are dependent upon the keeping in force of the policy under which he claims. 2 Joyce on Ins. (2d Ed.) § 730a; Forbes v. Union Cent. Life Ins. Co., 51 N. E. 84, 151 Ind. 89, 91; Wichita Southern Life Ins. Co. v. Roberts (Tex. Civ. App.) 186 S. W. 411, 414.

A further claim is made that the contract and payment made by the insured was a violation of a statute of South Dakota prohibiting discrimination between policy holders of the same class, in the amount or payment of premiums or rates charged for policies of life insurance. There was no proof that the arrangement made in this case was a discrimination as to other policy holders of the same class. The statute of South Dakota did not govern and no statute of Indiana has been referred to as prohibiting a contract of this nature.

It results from what has been said that the trial court did not err in dismissing the action, and the judgment will be affirmed.