## MANHATTAN LIFE INS. CO. OF NEW YORK v. MANGER et al.

### Civ. A. No. 3791.

District Court, D. New Jersey.

June 28, 1946.

McCarter, English & Egner, of Newark, N. J. (George W. C. McCarter, of Newark, N. J., of counsel), for plaintiff.

David Cohn, of Paterson, N. J., for defendants.

FAKE, District Judge.

Under date of July 27, 1942 the plaintiff life insurance company issued a policy of insurance covering the life of the defendant, Maurice L. Manger, naming his wife, Florence S. Manger, as beneficiary. The policy contains a clause providing that it "shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue, except for non-payment of premiums and except as to provisions, if any, relating to benefits in the event of total and permanent disability, or which grant additional insurance specifically against death by accidental means." The insured is still living.

On the 19th day of July 1944 and within the time above limited, the plaintiff filed a complaint herein directed against the insured without joining the beneficiary, as a party defendant. The relief sought is the return of the policy for cancellation on the ground of fraud arising out of false answers made in the application and such other relief as may be just.

The defendant insured, has directed a motion to the sufficiency of the complaint asserting that the beneficiary is an indispensable party defendant and not having been brought in within time, the cause of action set forth in the complaint must fall.

While the issue may be thus quickly and tersely stated it is by no means as easy of solution since no case directly in point is cited in the briefs nor have I been able to find one in an independent search of the authorities. There are cases however to the effect that the beneficiary has a vested right in the policy, Union Trust Co. of Pittsburgh v. McCaughn, D.C., 24 F.2d 459; Mutual Life Ins. Co. of N. Y. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Metropolitan Ins. Co. v. Clanton, 76 N.J.Eq. 4, 73 A. 1052; and Sullivan v. Maroney, 76 N.J.Eq. 104, 73 A. 842, and there are cases to the effect that this right is in effect a secondary right, dependent on the validity of the policy, Smith v. Metropolitan Life Ins. Co. 222 Pa. 226, 71 A. 11, 20 L.R.A.,N.S., 928, 128 Am. St.Rep. 799; Wastun v. Lincoln National Life Ins. Co. of Ft. Wayne, Ind., 8 Cir., 12 F.2d 422; Knoche v. Mutual Life Ins. Co. of N. Y., 317 Pa. 370, 176 A. 230, but nowhere have I found a case flatly holding one way or the other that such a complaint as this is either good or bad for nonjoinder as here.

■  The nearest approach to it is found in a New Jersey case and the law of that state must be applied here if such can be found. In Metropolitan Life Insurance Co. v. Lodzinski, 122 N.J.Eq. 404, 194 A. 79, 81, it appears that a defective suit was instituted seeking the cancellation of a policy of insurance close to the deadline of time as provided in the incontestability clause. Technically, under the New Jersey equity practice, process or subpoena to answer cannot validly issue until after the filing of the complaint, but in this case the com-

plainant fell into error by issuing process in advance of the filing of the bill. The bill however was filed within the time limited and of course the process had also issued within time. After the time limited had expired the defendant moved to dismiss the complaint for the defect above mentioned and the vice chancellor below granted the motion. When the issue reached the court of last resort in the state, Mr. Justice Bodine, speaking for the court, said: " * * * although the subpoena was issued before the precise filing date of the bill this was a technical irregularity, which was waived by the appearance." This has application here to the end that mere technical irregularities are not to be invoked, and certainly not to the extent of ignoring the substance involved. Moreover, such a ruling in the state court indicates that technical defects are not beyond remedy. There, as here, the defendant has appeared.[1] There, as here, something had been done, albeit defectively, which by construction, if not literally, amounted to the institution of a suit to contest the validity of the policy.

It may be that in the instant suit the full remedy sought could not be granted in the absence of the beneficiary, but this is not to say that some remedy could not be applied against the insured if plaintiff succeeds in establishing fraud as against him. There are provisions of the policy which do not come within the period of limitation.

█ It is my considered opinion that a suit has been instituted here attacking the validity of the policy; that it was instituted in time and that amendments may be permitted to bring in additional defendants.[2] In short the requirements of the incontestability clause have been met. It was not necessary that the beneficiary be brought in when the suit was first commenced, her continued absence might have a bearing on the final extent of the remedy, however as noted, the relief sought is not only the cancellation of the policy but such other relief as may be just.

█ The attack on the complaint here is tantamount to a demurrer and all allegations in the complaint sufficiently pleaded are admitted, hence the fraud is admitted. That fraud is not laid against the beneficiary, but against the insured and while it is true that the beneficiary may have a vested right under the policy that right is subject to being divested by the voiding of the policy on which it is founded.

█ The limitation provided by the incontestability clause cannot inure to the benefit of the beneficiary where, as here, a contest was commenced within time and the beneficiary cannot complain at being brought in at a later date. To hold otherwise would result in amending the clause to a much narrower field of operation than its words clearly indicate. I construe it to mean that once a valid contest is instituted within time all parties in interest may thereafter be brought in regardless of the limitation period so long as the cause of action remains the same.

The reasoning of Judge Nields in Echevarria v. Texas Co., D.C., 1940, 31 F.Supp. 596, has been helpful in arriving at the above conclusion. He cites from Jacobs v. Pennsylvania R. R., D.C., 31 F.Supp. 595, 596, a prior case of his, as follows: ' "Plaintiff, however, should be accorded an opportunity to amend if he should so elect by substituting the parents of the decedent as parties plaintiff notwithstanding the statute of limitations of both Pennsylvania and Delaware may have run. Whether amendments are to be allowed or refused is almost wholly within the discretion of the court. Modern authorities favor allowing amendments to prevent failure of justice, especially where the statute of limitation has run." ' See also Ball et al. v. Ward, 73 N.J.Eq. 440, 446, 68 A. 343, 344, wherein Vice Chancellor Emery says: "Where further parties are necessary, the proper order of decree is generally, not that the bill be dismissed in the first instance, but that the cause stand over for the purpose of bring-

---

[1] Here defendant appeared by entering into a stipulation extending his time to answer.

[2] The plaintiff has heretofore filed and served an amended complaint. This was done of right before answer and has already brought in the beneficiary as a defendant and she in turn has filed her answer which raises the issue of nonjoinder and limitation to like effect as in the present motion.

ing in the parties * * *." The reasoning and the citations used in the opinion of Judge Forman in Brown v. New York Life Ins. Co., D.C., 32 F.Supp. 443, have been particularly helpful here.

The motion to dismiss is denied.