83 N.J. Super. 151 (1964)
199 A.2d 65
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, PLAINTIFF,
v.
ROSE FIORILLA, OLAF LUNDEMAN AND THOMAS FIORILLA, A MINOR, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 19, 1964.
*153 Messrs. McCarter & English, attorneys for plaintiff (Mr. Eugene M. Haring, appearing).
Messrs. Furst, Furst & Feldman, attorney for defendants (Mr. Irving Mariash, of the New York Bar, appearing; Mr. Martin Duyk, on the brief).
PASHMAN, J.S.C.
Plaintiff John Hancock Mutual Life Insurance Company (herein "Hancock") seeks an interlocutory injunction against defendant Rose Fiorilla, who seeks the same relief against Hancock.
On October 8, 1963 Hancock commenced a plenary suit against Alexander Fiorilla and Olaf Lundeman to cancel three insurance policies. The first policy, in the amount of $14,000, was issued to Alexander Fiorilla as owner, and insured the life of his minor son Thomas. Under the terms of the policy, upon the death of the owner while Thomas Fiorilla was a minor, Thomas was to become the owner of the policy. Cancellation is sought, based upon alleged misrepresentations in a reinstatement application, a breach of the conditions contained in the application for reinstatement, and the alleged equitable fraud of Alexander Fiorilla based upon the doctrine of continuing representations.
The second policy was issued to Alexander Fiorilla and insured his life for $160,000. The defendant Rose Fiorilla *154 was the beneficiary. Hancock seeks cancellation on the grounds that the insured was guilty of equitable fraud by failing to disclose a change in his health occurring subsequent to the date of the application but prior to the date of delivery of the policy.
The third policy was issued to Olaf Lundeman as owner and beneficiary and insured the life of Alexander Fiorilla. Hancock seeks cancellation based upon alleged material misrepresentations of health by Alexander Fiorilla.
On December 30, 1963 Alexander Fiorilla died of cancer (the condition allegedly misrepresented to plaintiff). On January 2, 1964 Rose Fiorilla filed suit in New York on the policy under which she was the beneficiary. On January 8, 1964 Hancock filed in this court what it termed an "Amended Complaint," joining as defendants to the October 8, 1963 suit Rose and Thomas Fiorilla. The complaint and so-called "Amended Complaint" are the same except that the death of Alexander is recited and Rose and Thomas were named as party defendants because their rights as a beneficiary and owner under the respective policies had accrued. The name of Alexander Fiorilla was deleted from the "Amended Complaint."
Hancock seeks to restrain Rose Fiorilla from prosecuting her action in New York or from proceeding in any way on any of the policies except in this action. Rose Fiorilla has moved, on several grounds, to restrain Hancock from proceeding with this action as far as she is concerned. Rose Fiorilla sought a temporary injunction in the New York Supreme Court, where she sought to restrain Hancock from prosecuting this or any other action on the policy. This motion was denied on February 11, 1964.
As grounds for its position Hancock alleges, inter alia, that injunctive relief should be granted to prevent vexatious litigation, to prevent an evasion of the policy of this forum, and because this forum had prior possession of the controversy. Rose Fiorilla contends that Hancock's so-called "Amended Complaint" was defective in that it named a new party to the *155 original suit, which is contrary to R.R. 4:15-1 because Rose's interest in the policy did not vest until Alexander's death and new process could not be made by way of amended complaint on a new party whose rights did not exist when the initial suit was begun. Rose Fiorilla argues that even if an amended complaint were allowed by the court, jurisdiction would only be effective on the date new process was served, i.e., January 8, 1964. Based upon the same reasoning, Rose Fiorilla alleges that leave should have been sought to file a supplemental complaint pursuant to R.R. 4:15-4. Hancock argues that regardless of these technicalities, the basic philosophy of our court rules as well as the equities and practicalities of the situation dictate judgment in its favor.
There is no question but that a court of equity possesses the power over persons within its jurisdiction to restrain them from prosecuting suits in other jurisdictions where such action would be contrary to equity and good conscience. Zieper v. Zieper, 14 N.J. 551, 567 (1954); O'Loughlin v. O'Loughlin, 6 N.J. 170, 178 (1951); Bigelow v. Old Dominion Copper, Etc., Co., 74 N.J. Eq. 457, 473 (Ch. 1908). Such decrees are in personam judgments against the party who has instituted the foreign litigation. O'Loughlin v. O'Loughlin, supra. Some of the reasons espoused by our courts for granting such injunctive relief are: (1) to prevent vexatious and oppressive litigation and/or to prevent a multiplicity of litigation, Trustees of Princeton University v. Trust Co. of N.J., 22 N.J. 587 (1956); O'Loughlin v. O'Loughlin, supra, at p. 180; (2) to prevent an evasion of some policy of the forum state, Bigelow v. Old Dominion Copper, Etc., Co., supra, at p. 473; or (3) to allow the court which first obtains possession of the controversy to dispose of it. Prudential Ins. Co. v. Merritt-Chapman & Scott Corp., 112 N.J. Eq. 179 (Ch. 1933). These general rules are applicable with equal force to both parties' motions.
Proper procedure requires a plaintiff to move for leave to file an amended complaint after 20 days have elapsed from the date of service of the complaint. R.R. 4:15-1. The same *156 procedure must be followed where a party desires to file a supplemental complaint. R.R. 4:15-4. Hancock followed neither of these procedures but merely filed a complaint joining the two additional parties. Counsel, both in the briefs and orally, argued extensively as to whether a new party could be joined in either an amended complaint or a supplemental pleading. Indeed, there is a diversity of opinion in our own jurisdiction. But such amendments have been allowed, each case turning upon the particular factual circumstances presented to the court. Cf., DeSisto v. Linden, 80 N.J. Super. 398 (Law Div. 1963); Sinatra v. National X-Ray Products, 26 N.J. 546 (1958); Markey v. Robt. Hall Clothes of Paterson, 27 N.J. Super. 417 (Cty. Ct. 1953); Patrick v. Brago, 4 N.J. Super. 226 (App. Div. 1949). Although most of the cases in this area arose because of a possibility of a cause of action being lost by reason of the running of the statute of limitations, the court finds, apropos a statement by Judge Halpern in another statute of limitations case:
"* * * Courts should disregard subtleties and answer technical objections by an honest effort to determine the real issues on their merits and to do substantial justice between the litigants. * * *" Tackling v. Chrysler Corp., 77 N.J. Super. 12, 16 (Law Div. 1962).
The case of Manhattan Life Ins. Co. v. Manger, 66 F. Supp. 670 (D.N.J. 1946), is instructive. There the plaintiff insurance company sued to rescind its policy naming the insured as a defendant. Suit was brought within the contestable period. Thereafter an amended complaint was filed after the period of contestability, with the beneficiary named as a defendant. The insured asserted that the beneficiary was an indispensable party who had been brought in after the expiration of the contestable period. The court allowed the amended complaint to stand and stated:
"* * * To hold otherwise would result in amending the clause [contestable] to a much narrower field of operation than its words *157 clearly indicate. I construe it to mean that once a valid contest is instituted within time all parties in interest may thereafter be brought in regardless of the limitation period so long as the cause of action remains the same." (at p. 672)
See also Brown v. New York Life Ins. Co., 32 F. Supp. 443 (D.N.J. 1940), where the court permitted new parties to be added after the running of the statute of limitations because the amended complaint showed substantially the same wrong with respect to the same transaction, and the gist of the action and subject matter of the controversy remained the same.
The practicalities of the situation would have dictated that the court grant the amended complaint upon motion (if one had been made), since the requirement of R.R. 4:15-1 that "leave [to amend] shall be freely given when justice so requires" would clearly have been applicable. The only new fact which would have been stated was that Alexander had died. The gist of the action remained the same, and the same facts and testimony would have been adduced at separate trials. Of course, the change of parties would also have been ordered. Even assuming that the court did not have the power to grant such an amendment, Hancock could always have filed a new complaint against Rose and Thomas Fiorilla. Necessarily, the first and second actions would have been consolidated and the time at which this court took jurisdiction over the controversy would have related back to the original proceeding. See R.R. 4:43-1(e), which provides that upon consolidation "* * * the action first instituted shall determine which party shall have the privilege to open and close and in other respects shall govern the conduct of subsequent proceedings."
The court fails to see how a finding for Hancock would prejudice defendant Rose Fiorilla. She had notice of the original action in October 1963 because she accepted service for her husband Alexander. Certainly, under conflict of laws principles, New Jersey law would govern both here and in New York, if in fact the contract was made in New Jersey.
*158 Based upon the afore-mentioned considerations, the court believes that both practically and equitably Hancock is entitled to injunctive relief. Alluding to the rather general rules governing the granting of injunctive relief against foreign litigation, there is no question but that if defendant Rose Fiorilla's motion is granted there will be a fractionalization and multiplication of litigation. Rose Fiorilla will prosecute her New York suit and Hancock will continue with its New Jersey suit against Lundeman and Thomas. The same issues will be tried and the same witnesses will testify. The only thing this court is not sure of is that the same result would be reached by both jurisdictions. A polestar of our court rules is to dispose of all legal or equitable matters and controversies between the same parties to avoid a multiplicity of suits. Massari v. Einsiedler, 6 N.J. 303 (1951); Ertag v. Haines, 30 N.J. Super. 225 (Law Div. 1954). This court cannot be a party to a flagrant nonobservance of this directive because of the prior observation that amendment or consolidation would have been proper, and the actions would have related back to October 1963. But even in the present posture of circumstances and assuming that the New Jersey courts did not have jurisdiction over Rose Fiorilla until January 8, 1964, our courts make a clear distinction between the commencement of an action and possession of a controversy. As the court said in Prudential Ins. Co. v. Merritt-Chapman & Scott Corp., supra:
"* * * it is evident from the decisions touching this point that priority in the `commencement' of the suit is not the controlling factor. In Bigelow v. Old Dominion Copper Mining and Smelting Company, supra, at page 474 of 74 N.J. Eq., Chancellor Pitney said: `There is the general rule, essential to the orderly administration of justice, that as between courts otherwise equally entitled to entertain jurisdiction, that court which first obtains possession of the controversy ought to be allowed to proceed and dispose of it without interference; * * *.'" (Court's emphasis; at p. 186)
There is no question that this court had prior possession of the controversy which defendant Rose Fiorilla seeks to litigate in New York.
*159 Based upon all of the considerations and reasons mentioned, the court holds that Hancock is entitled to the injunctive relief sought. It is ordered that Rose Fiorilla, her agents and attorneys, are restrained and enjoined from prosecuting or in any way proceeding with a certain action now pending in the Supreme Court of New York, County of Queens, entitled "Rose Fiorilla, Plaintiff, against John Hancock Mutual Life Insurance Company, Defendant." It is further ordered that defendant Rose Fiorilla be restrained and enjoined from proceeding in any way against Hancock on its policy No. 7780147 except in this action now pending in this court. Defendant Rose Fiorilla's motion for injunctive relief is hereby denied.
Consistent with the foregoing disposition, the amended complaint filed on January 8, 1964 is adjudged to be valid and to supersede the complaint.
Counsel may submit an order in accordance with R.R. 4:55-1.