# CASES

### DECIDED IN THE

## COURT OF CHANCERY OF NEW-JERSEY,

## JANUARY TERM, 1831.

---

### PETER JACKSON v. T. I. DARCY, E. GOULD, and P. I. RYERSON.

Where A. obtains judgment against B., before a justice of the peace, without an affidavit, as required by the statute, or a state of demand filed; upon which execution issues, and the goods of B. are sold, and purchased by C., who left them with the defendant for a few days; in which time H., another creditor who had suits depending, also obtains judgment and execution, and by his agent and a constable seizes the same goods in the possession of B.; upon which C., the former purchaser, commences several suits against H., his agent, and the constable; whereupon H. files his bill in this court, to set aside the judgment and execution of A. and sale to C. as fraudulent, and obtains an injunction to stay proceedings on the suits by C.; to which bill A., B. and C. put in their answer, admitting the want of an affidavit according to the statute, and of a state of demand, but denying any fraud or collusion, and showing a bona fide debt and full consideration for the judgment: the charge of fraud is sufficiently answered, and the injunction will be dissolved.

The omission to file a state of demand, might authorize the reversal of the judgment in a proper tribunal, but is no ground for the equitable interference of this court.

If the want of an affidavit is fatal to the judgment, and renders void the execution and sale, so that no title was conveyed to the purchaser as against the complainant, it must be by force of the statute; if so, they are as inoperative in courts of law as in a court of equity, and the decree of this court is not necessary to make manifest the nullity of these proceedings.

As to continuing the injunction on the ground of multiplicity of suits; if the proceedings are vexatious or malicious, and the plaintiff at law fails, he will

be bound to pay costs and liable to an action for a malicious prosecution. It should be a very strong case to induce this court to interfere.

If the right should be established in favor of the defendant at law, and the plaintiff should persist in any oppressive proceedings, this court will promptly interfere.

*Semble.* That the court of chancery will not interfere to restrain proceedings at law, where the law affords an adequate remedy.

THE question in this case arose on a motion made on the part of the defendant, after answer filed, to dissolve an injunction obtained by the complainant, on filing his bill, to restrain Darcy, one of the defendants, from farther prosecuting certain suits against the complainant and others, before a justice of the peace. The facts, as disclosed on the hearing, appear in the opinion of the court.

*J. P. Jackson*, for the complainant.

*P. Dickerson*, for the defendants.

THE CHANCELLOR. It is represented in this case that Gould, being debtor to Jackson to the amount of one hundred and sixty dollars, confessed a fraudulent judgment to *Peter A. Ryerson* for one hundred dollars, before Abram Ryerson, esquire, the brother of the said Peter. That there was no consideration for the judgment, no state of demand filed, and no affidavit made, according to the requirements of the law. That execution was issued at the request of Gould, the defendant, for the purpose of protecting his property; and that while suits were pending on the claim of the complainant, the property was fraudulently and secretly sold, and purchased in for a nominal sum, by *Timothy I. Darcy*, one of the defendants, and the brother-in-law of Ryerson the plaintiff; who left the property with Gould, and never paid the constable for it. That afterwards, the *complainant*, by his agent, one Snow, and a constable, seized the property under executions issued on his judgments. That thereupon Darcy instituted seven suits before justices of the peace, in the county of Morris—some against Snow and the constable, some against the constable, and some against the constable and the complainant. Some of them were instituted by warrant issued

for one hundred dollars, and for which bail had to be given; whereas by the statements of demand filed, it appeared the claims were for amounts under three dollars.    In two of them the damages are laid at fifty dollars.    All the suits are in trespass, and relate to the taking of the goods under the executions of Jackson.

The bill prays that the judgment, so far as respects the complainant, may be decreed void and inoperative, and the execution and sale thereon fraudulent and void ; and that Darcy may be restrained from further prosecuting the said suits, or any other for the same cause, until answer, or the further order of the court.

Answers have been filed by the defendants, and the case is submitted on the question of dissolving the injunction.

In regard to the judgment—the charge of fraud is sufficiently answered.   The consideration is fully shown.   It was founded on a note of hand, assigned over to P. A. Ryerson by Ava Neal, and is stated by all the defendants to have been a just debt.    It is denied also, that there was any collusion in regard to the suing out of the execution, or the sale of the property ; or that there was any agreement or secret understanding between Gould and Darcy, about leaving the property in the possession of Gould. The property charged to be worth three hundred dollars, sold at the sale, which is alleged to have been an open one, for about one hundred and eighty or one hundred and ninety dollars.   Darcy says the property was not removed immediately because it was stormy, and that the next day after the sale he was called away from home, on urgent business, which detained him three or four days ; and before he returned the property had been seized by virtue of the complainant's execution.    It is admitted, however, that there was no statement of demand filed when the judgment was confessed ; and that there was no affidavit made and filed, as required by the act of assembly in cases of judgments confessed before justices of the peace.    The omission to file a statement of demand, might authorize the reversal of the judgment in a proper tribunal, but is no ground for the equitable interference of this court ; especially when it is shown that there was a full consideration for the judgment.    If the want of an affidavit is fatal to the judgment, and renders void the execution

and sale, so that no title was conveyed to Darcy as against this complainant, as is contended by him, it must be by force of the statute; and if so, the decree of this court is not necessary to declare and make manifest the nullity of the proceedings.    They are quite as inoperative in the courts of law without the assistance of a court of equity as with it ; and it appears to me there is not only no necessity, but no propriety, in this court expressing any opinion on the proper construction of the act.

So far, then, as regards the irregularity or alleged fraud in the proceedings complained of by the plaintiff, up to the time of the commencement of the several actions by Darcy against the complainant and his agents, I see no ground for the continued interference of this court.

The only question is, whether Darcy shall remain injoined from prosecuting his actions against Jackson, Snow, and Waggoner the constable.

I think there is no reason to doubt that Darcy might have ample justice done him, if injured, without bringing *seven* actions, as it appears he has done ; and I think, too, that in the prosecution of these suits an improper spirit has been manifested. But it may very well be, that more than one or two suits were necessary, not only to try the right, but to obtain the proper compensation, if he was entitled to recover.    How far he may have exceeded the bounds of strict propriety in this case, I am not able to determine.    It should be a very strong case to induce this court to interfere and settle the question.

If the proceedings are vexatious or malicious, and the plaintiff at law fails in his actions, he will be bound to pay the legal costs and expenses, and will besides this be liable to an action or actions for malicious prosecutions : *Potts* v. *Imlay*, 1 *Southard*, 330.

If the right is clearly established at law in favour of the defendant at law, and the plaintiff should persist in any proceedings that may be oppressive, this court will then very promptly interpose.    But as the fraud of this case is denied—it being the foundation, as I take it, of the bill, it is not proper that the injunction should be any longer continued.

Injunction dissolved.