186 N.J. Super. 525 (1982)
453 A.2d 251
SHARON D'AMORE, PLAINTIFF-APPELLANT,
v.
PATRICK L. D'AMORE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 19, 1982.
Decided November 1, 1982.
*527 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Latzer, Norris & Carbery, attorneys for the appellant (Eileen T. Carbery on the brief).
Diamond and Pitman, attorneys for the respondent (Robert S. Dorkin on the letter brief).
PER CURIAM.
Plaintiff-wife in this post-judgment matrimonial cause appeals from an order of the Chancery Division denying her application for enforcement of various provisions of the divorce *528 judgment and granting defendant-husband's cross-motion by which he sought an order enjoining her from filing further harassing motions against him in the future and awarding him a counsel fee of $100 on his cross-motion. We vacate the injunctive provision of the order here appealed from.
A judgment of divorce was entered on February 10, 1981, dissolving the 10 1/2-year marriage of the parties and incorporating a 47-paragraph agreement by which they settled, in excruciating detail, all of the financial consequences of the marriage and divorce as well as matters relating to custody and visitation of their two children. The agreement, among its other terms, provided for the sale of the marital residence, payment of a large number of specified bills owed by the parties out of anticipated tax refunds, prospective distribution of a tax shelter investment, and obligations to be undertaken by defendant in respect of stipulated life and health insurance.
Insofar as we are able to determine from the record, each of the parties perceived that the other had failed to comply with at least some of their respective obligations as set forth in the agreement, and in June 1981 plaintiff moved and defendant cross-moved for enforcement relief. Some 14 items were raised by plaintiff and a lesser number by defendant. A detailed order was entered by the court in September 1981 granting some of the respective requests for relief and denying others.
The marital residence was sold in August 1981, and it appears that it was the parties' intention to use the opportunity afforded by the closing to work out various of the unresolved terms of the agreement and to arrive at mutually agreed upon accountings, adjustments and document production. It further appears that despite several hours then devoted to that undertaking by the parties and their attorneys, they were not then able to complete the process, and several meetings they had scheduled from time to time in order to wind up the unresolved matters had had to be cancelled by reason of the inability of both parties and their attorneys to attend. Finally, defendant's attorney *529 suggested that the open matters be resolved by mail, and in December 1981 plaintiff's attorney wrote to defendant's attorney detailing various requests for document production and the like, some of the requested documents being those which defendant had already been directed to furnish by the September order. Defendant's attorney responded, point by point, on January 18 with information which appeared to be generally in compliance with these requests. Plaintiff was nevertheless dissatisfied with what she and her attorney perceived as incompleteness and evasion in this response, and several weeks later plaintiff filed the motion which resulted in the order here appealed from.
By that motion plaintiff sought an order compelling defendant to produce specific documentation, ordering him to provide her with proof that all of the medical bills which defendant was required to pay pursuant to the agreement had in fact been paid; ordering him to meet with her and her attorney to complete their accounting and awarding plaintiff a counsel fee on the motion. Defendant responded by a cross-motion seeking the dismissal of plaintiff's motion as unmeritorious and having been filed only for purposes of harassment, to enjoin her from filing harassing motions in the future, and for counsel fees and costs. Plaintiff's motion was denied and defendant's cross-motion granted, the order providing that "plaintiff be and she is hereby barred and prohibited from filing any further harassing motions against defendant in the future."
From our review of the record, and more particularly from the certifications filed in support of the various motions, we are satisfied that the trial judge properly denied plaintiff's motion for enforcement relief since it appears that defendant did in fact substantially comply with all of the obligations sought to be enforced by the motion. Nor, for the reasons hereafter stated, do we find any mistaken exercise of discretion under the circumstances in the award of a $100 counsel fee to the husband.
*530 We are, however, persuaded that the injunctive provision here complained of was improper. There is, of course, no question of the power of the court to enjoin prospective harassing litigation. But that power must be exercised consistently with the fundamental right of the public to access to the courts in order to secure adjudication of claims on their merits. Accordingly, and in order not to impinge upon this right, the injunctive power is required to be exercised sparingly and only in those situations in which the exclusive harassment purpose is not merely a matter of the suitor's subjective intent but is, rather, objectively determinable. Thus, the general reluctance of the court to enjoin litigation, expressed a century and a half ago in Jackson v. Darcy, 1 N.J. Eq. 194, 197 (Ch. 1831), yielded, as this State's jurisprudence developed, to two circumstantial categories of enjoinable litigation. The first includes attempts to litigate claims despite their preclusion by such legal doctrines as res judicata. The second includes claims which are already pending or are about to be instituted in another forum whose jurisdiction thereover is superior or prior. See, e.g., Lehigh Valley R.R. Co v. McFarlan, 31 N.J. Eq. 730 (E. & A. 1879): Lane v. Rushmore, 125 N.J. Eq. 310 (E. & A. 1938), cert. den. 307 U.S. 636, 59 S.Ct. 1033, 83 L.Ed. 1518 (1939); Newark Ledger Co. v. Russell, 136 N.J. Eq. 406 (E. & A. 1945); John Hancock Mut. Life Ins. Co. v. Fiorilla, 83 N.J. Super. 151 (Ch.Div. 1964).
Obviously then, it is only prospective litigation of specifically identified claims which is susceptible to restraint, and then only after those claims have been determined to fall within one of the recognized categories of objective harassment. A nonspecific and nondiscrete injunction against prospective litigation generally is patently insustainable. Thus, in Newark Ledger Co. v. Russell, supra, 136 N.J. Eq. at 419, the court made clear that while the defendant there would be restrained from attempting to relitigate precluded matters, he could not be restrained "from instituting other proceedings against complainants or any of them in the absence of a showing as to what such proceedings might be."
*531 The defect, therefore, in the restraint here is evident. It is too broad and too ambiguous. Plaintiff could well have been restrained from seeking further relief from the court in respect of the same claims she had already made and which had already been decided. Indeed, the award of counsel fees here was appropriate because she made claims on her second motion which had already been decided on her first motion. But she was improperly restrained from seeking future relief from the court in respect of any other matters. As the Court of Chancery so long ago pointed out in Jackson v. Darcy, supra, 1 N.J. Eq. at 197, there are other remedies available to litigants in respect of the institution of court proceedings which are frivolous and brought in bad faith.
It is, moreover, hardly necessary to point out that wilful disobedience of a court order subjects a party to a contempt proceeding with its attendant penalties upon an adjudication of guilt. The nature of the conduct, therefore, to which the injunctive order is addressed must be described with sufficient explicitness so that a party may appraise the consequences of his conduct with reasonable certainty. An injunction against litigating a specifically identified claim meets that standard. But a general injunction against litigation which might subsequently be determined by a court to have been harassing does not. Clearly, if plaintiff has a future legitimate grievance against defendant she is entitled to pursue it without the risk of finding that she has committed a contempt of court by so doing. If she pursues an alleged grievance in bad faith, there are other remedies available to defendant, including an award of counsel fees and costs.
Those provisions of the order appealed from dismissing plaintiff's motion and awarding defendant a counsel fee are affirmed. The provision of the order restraining plaintiff from filing harassing motions in the future is vacated without prejudice to the right of the defendant to seek appropriate relief consistent with this opinion.