**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2661-16T3

BEZALEL GROSSBERGER,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
SUPERIOR COURT, and
OCEAN COUNTY,

     Defendant-Respondent.

_____

> Submitted August 21, 2018 – Decided  September 11, 2018
>
> Before Judges Sumners and Gilson.
>
> On appeal from Superior Court of New Jersey, Law Division, Ocean County.
>
> Bezalel Grossberger, appellant pro se.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Bryan E. Lucas, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff appeals from a December 19, 2016 order by Ocean County Assignment Judge Marlene Lynch Ford denying his application to file a complaint against the State of New Jersey. We affirm.

By way of background, on December 4, 2015, prompted by plaintiff's pro se frivolous applications[1] in Weinstein v. Grossberger, Docket Number OCN-C-85-12, Chancery Judge Francis R. Hodgson, Jr. ordered, in pertinent part, that any future filings by plaintiff in Ocean County "shall be marked 'received' and date stamped, but not filed, absent an order" by the Assignment Judge. A month later, Judge Ford entered an order on January 7, 2016, pursuant to Judge Hodgson's order, denying plaintiff's ability to file a complaint because it did "not raise any new issues or claims that have otherwise been disposed of by the [c]ourt [in OCN-C-85-12], and therefore shall not be accepted for filing by the Clerk of the Superior Court." Thereafter, on November 4, 2016, Judge James Den Uyl entered an order not accepting all "motions and applications submitted for filing" by plaintiff in OCN-C-85-12 and three other matters, and referred them to Judge Ford.

---

[1] All of plaintiff's applications mentioned in this opinion have been pro se filings.

A-2661-16T3

The subject matter of this appeal occurred on December 19, 2016, when Judge Ford denied, without oral argument, plaintiff's application to file a complaint against the State of New Jersey, Superior Court, Ocean County, which was submitted to the court in November or December 2016.[2] In her order, the judge referenced Judge Hodgson's order and explained that the proposed action was "part of a continuing series of frivolous and vexatious applications to the [c]ourt."

On appeal, plaintiff contends that Judge Ford's order denies him access to the courts; that the judge does not have the power to reject his pleading; that "[t]here is nothing before the [judge] that may provide basis in fact or law to substantiate the rejection of [the] proposed complaint"; and that the court clerk is required to docket his complaint. Plaintiff's other contentions are difficult to understand, but appear to allude to his claims in OCN-C-85-12.

Under Rule 1:4-8(b)(3), the trial court on its own initiative can impose sanctions upon a pro se party for filing frivolous litigation. In Rosenblum v. Borough of Closter, 333 N.J. Super. 385, 395-97 (App. Div. 2000), we held that where traditional sanctions have failed to deter a litigant from his pattern of bringing repetitive, meritless, and harassing actions, an assignment judge may

---

[2] The record is not clear when plaintiff submitted his complaint.

enjoin the litigant's bringing of a further action. The power to enjoin prospective harassing litigation must be "exercised consistently with the fundamental right of the public to access to the courts in order to secure adjudication of claims on their merits." D'Amore v. D'Amore, 186 N.J. Super. 525, 530 (App. Div. 1982).

With these principles in mind and based upon our review of the record, we affirm essentially for the reasons expressed in Judge Ford's order. We find insufficient merit in plaintiff's arguments to warrant extensive discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only that plaintiff's proposed complaint challenges the court's ability to require the assignment judge to review his submissions prior to acceptance by the clerk's office for filing. Not only does the court have such right as noted above, but also the complaint is in essence an appeal of Judge Hodgson's December 4 order, which is only within the powers of this court to adjudicate. R. 2:2-3. Furthermore, plaintiff's time to appeal that order is well beyond the forty-five day period to do so. R. 2:4-3.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4                                          A-2661-16T3