**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1707-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARC A. JORDAN, a/k/a MARK
A. JORDAN, MARC ANTHONY
JORDAN, SUPREME, DAVID A.
THOMAS, ALEXANDER A.
MAZZA, THOMAS BIVINS,
THOMAS DAVIS, SHANNON
HUDSON and DAVID THOMAS,

    Defendant-Appellant.

_____

Submitted October 21, 2025 – Decided October 31, 2025

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 97-07-1271, 98-01-0144, 98-01-0147, and 99-02-0203.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Marc A. Jordan appeals a January 24, 2024 order precluding him from making further filings in the Criminal Part without prior leave of court. We affirm.

I.

We recount the lengthy history of defendant's prosecutions in Monmouth, Middlesex and Ocean Counties to explain the court's determination that he has a long history of making frivolous claims. See Rosenblum v. Borough of Closter, 333 N.J. Super. 385 (App. Div. 2000).

OCEAN COUNTY CHARGES

In 1997, defendant was charged in three Ocean County indictments. In 1999, he plead guilty to first-degree robbery, second-degree robbery, and an amended charge of third-degree theft from the person. He was then sentenced in accordance with the plea agreement to an aggregate prison sentence of thirteen years subject to a three-year period of parole ineligibility. Two and a half years later, defendant filed a notice of motion to appeal nunc pro tunc, which

we granted.  We then affirmed defendant's convictions and sentences.  State v. Jordan, No. A-2602-01 (App. Div. Feb. 10, 2003).

Between August 2005 and July 2015, defendant filed at least five motions to withdraw his guilty plea.  Each was denied by the trial court.  Defendant appealed four of these orders; three were affirmed and one resulted in a remand, after which the trial court again denied relief.  State v. Jordan, No. A-1449-05 (App. Div. June 15, 2006); State v. Jordan, No. A-5661-07 (App. Div. March 5, 2010); State v. Jordan, No. A-5429-09 (App. Div. June 1, 2012); State v. Jordan, No. A-2410-11 (App. Div. August 30, 2012).  In July 2016, defendant filed a motion to correct an illegal sentence claiming, among other things, that his concurrent sentences under the Ocean County plea agreement violated N.J.S.A. 2C:44-5(h).  The court denied defendant's motion.

In 2019, after defendant completed his sentence, we dismissed as moot defendant's appeal from a trial order denying his motion to correct an allegedly illegal sentence under the three indictments.  State v. Jordan, No. A-0297-17 (App. Div. April 10, 2019).

MIDDLESEX COUNTY CHARGES

In June 1997, a Middlesex County grand jury returned an indictment, charging defendant with first-degree conspiracy; second-degree burglary; four

A-1707-23

counts of first-degree armed robbery; second-degree possession of a handgun for an unlawful purpose; third-degree unlawful possession of a handgun; and third-degree terroristic threats. In April 1999, defendant was tried before a jury and found guilty on all but the unlawful possession count which was dismissed during trial. Defendant received an aggregate extended-term sentence of fifty years' incarceration with a twenty-five-year period of parole ineligibility.

Defendant appealed, and while his direct appeal was pending, he filed the following motions in the trial court: a second motion for a new trial; a motion to modify his sentence; and a third motion for a new trial. All were denied. We affirmed defendant's convictions on direct appeal but remanded for resentencing. State v. Jordan, A-6545-98 (App. Div. Jun 25, 2001). Defendant's petition for certification was denied. State v. Jordan, 180 N.J. 453 (2004). An aggregate sentence of fifty-years with a twenty-five-year period of parole ineligibility was reimposed. We affirmed defendant's sentence. State v. Jordan, A-6851-01 (App. Div. Feb 24, 2003). Certification was denied. State v. Jordan, 177 N.J. 494 (2003).

Between September 2001 and November 2014, defendant filed two motions for Post Conviction Relief ("PCR"), four additional motions seeking a new trial, and two motions to correct an illegal sentence. Each of these motions

4

was denied by the trial court. We affirmed the trial court's orders denying both PCR petitions and two of his motions seeking a new trial. State v. Jordan, No. A-2651-02 (App. Div. Jan 23, 2004); State v. Jordan, No. A-2081-05 (App. Div. March 8, 2007); State v. Jordan, Nos. A-0742-07 & A-0744-04 (App. Div. April 23, 2009); State v. Jordan No. A-0265-09 (App. Div. May 8, 2011). Our Supreme Court denied defendant's petitions for certification with respect to his first PCR and two new trial motions. State v. Jordan, 180 N.J. 453 (2004); State v. Jordan, 205 N.J. 273 (2011); State v. Jordan, 208 N.J. 599 (2011).

In December 2016, defendant filed a "Notice of Motion to Reinstate the Consolidation Order Signed by Judge Mathias Rodriguez on April 7, 1998," or "in the alternative, Order the State to Provide the Defense with Discovery Concerning Termination of the Order and Conduct a Hearing." That motion was denied by the trial court. Defendant then filed a motion for reconsideration which was denied. Finally, in April 2018, defendant filed a third petition for PCR which was denied as time-barred.

MONMOUTH COUNTY CHARGES

In July 1997, a Monmouth County Grand Jury returned an indictment charging defendant with second-degree robbery; third-degree criminal restraint; third-degree burglary; and third-degree theft. In December 1999, defendant was

tried before a jury and found guilty on all counts. After granting the State's motion to impose an extended-term sentence, the court imposed an aggregate fifteen-year term with a seven-and-one-half-year period of parole ineligibility. The sentence was ordered to run consecutively to the sentences from Middlesex and Ocean Counties.

Defendant filed a motion for a new trial in March 2000, which was denied. We affirmed defendant's convictions and sentence, as well as the denial of his motion for a new trial. State v. Jordan, No. A-1077-00 (App. Div. May 17, 2002). Our Supreme Court subsequently denied defendant's petition for certification. State v. Jordan, 174 N.J. 363 (2002). In 2004, defendant filed a PCR which was denied.

Meanwhile, in January 1998, another indictment was returned charging defendant with third-degree terroristic threats. In June 2000, a jury found defendant guilty. After granting the State's motion for an extended term sentence, the court imposed a seven-year term of incarceration subject to a three-year period of parole ineligibility to run consecutive to "any sentence previously imposed." We affirmed defendant's conviction but remanded the matter for resentencing because defendant had been "denied his right of allocution before sentencing." State v. Jordan, No. A-2415-00 (App. Div. May 20, 2002). On

6

July 16, 2002, our Supreme Court denied defendant's petition for certification. State v. Jordan, 174 N.J. 192 (2002).

Defendant thereafter filed a PCR which was denied. We affirmed the court's order denying PCR, State v. Jordan, No. A-0729-04 (App. Div. Dec. 28, 2005), and defendant's petition for certification was denied. State v. Jordan, 186 N.J. 257 (2006).

In January 1998, another indictment was returned charging defendant with fourth-degree possession of a controlled dangerous substance ("CDS"); third-degree possession of CDS with intent to distribute; third-degree unlawful possession of a weapon; second-degree possession of a weapon for an unlawful purpose, and second-degree certain persons not to have weapons. In January 2000, defendant was tried before a jury and found guilty on all counts. After merger, defendant was sentenced to an aggregate sentence of ten-years imprisonment with a five-year period of parole ineligibility concurrent to the sentences defendant was already serving. We affirmed defendant's convictions and sentences. State v. Jordan, No. A-3982-99 (App. Div. May 20, 2002). Defendant's petition for certification was denied. State v. Jordan, 174 N.J. 365 (2002).

7

In November 2002, defendant filed a PCR, which was denied. Defendant appealed. We reversed the order denying PCR and remanded the matter for a new trial. State v. Jordan, No. A-5426-03 (App. Div. Jun 30, 2005), certif. denied 185 N.J. 297 (2005). On remand, pursuant to a negotiated plea agreement, defendant plead guilty to third-degree possession of CDS with intent to distribute. That same day, defendant, in accordance with the terms of the negotiated plea agreement, was sentenced to five years concurrent to the other sentences defendant was currently serving.

On February 2, 1999, a superseding (thirty-two count) indictment was returned charging first-degree armed robbery (Counts 1, 10 & 25); first-degree kidnapping (Counts 13 & 24); second-degree robbery (Count 14); second-degree theft by extortion (Counts 8, 17, 18 & 26); second-degree possession of a handgun for an unlawful purpose (Counts 11 & 27); second-degree conspiracy to commit robbery (Count 16); second-degree conspiracy to commit theft by extortion (Counts 20 & 21); second-degree certain persons not to have a weapon (Counts 31 & 32); third-degree terroristic threats (Counts 2, 15, & 19); third-degree witness tampering (Count 3); third-degree criminal restraint (Counts 7 & 9); third-degree unlawful possession of a handgun (Counts 12 & 28); third-degree aggravated assault with a deadly weapon (Count 22); fourth-degree

A-1707-23

obstruction (Count 4); and fourth-degree aggravated assault by pointing a firearm (Count 23).

Prior to trial, Counts 7 through 15, 17 through 19, and 22 through 28 were severed from the remaining counts. On August 22, 2000, a jury found defendant guilty with respect to Counts 7 through 17, Count 19, and Counts 24 through 26. Defendant was sentenced to a mandatory life term without parole on Count 10 pursuant to N.J.S.A. 2C:43-7.1(a) (the "Three Strikes Law"), and concurrent terms of imprisonment on the remaining counts. These sentences were ordered to be served consecutively to those that defendant was already serving out of Ocean and Middlesex Counties' convictions. We affirmed the convictions and sentence on direct appeal. State v. Jordan, No. A-2414-00 (App. Div. Oct. 30, 2002). Defendant's petition for certification was denied. State v. Jordan, 175 N.J. 549 (2003).

In July and August of 2001, defendant was tried on Counts 1 through 4 of this same indictment. After the jury returned guilty verdicts against defendant on all four counts, an aggregate sentence of life without parole pursuant to the Three Strikes Law was imposed to run consecutive to the life sentence that defendant was serving. We affirmed defendant's convictions and sentence but remanded for the entry of an amended judgment of conviction to reflect a merger

9

of counts. State v. Jordan, No. A-4816-01 (App. Div. Oct.31, 2003) (Slip op.1-35). Our Supreme Court denied defendant's petition for certification. State v. Jordan, 179 N.J. 369 (2004).

Between May 21, 2003, and August 6, 2015, defendant filed seven PCRs as well as numerous other motions collaterally attacking his convictions and sentences. Each of defendant's PCRs and other post-conviction applications were denied. Defendant appealed some of these orders denying relief; he withdrew some of his appeals, and the others were affirmed by this court. State v. Jordan, No. M-5752-05 (App. Div. July 11, 2006); State v. Jordan, No. A-6125-03 (App. Div. Nov. 2, 2006); State v. Jordan, No. A-3379-07 (App. Div. Feb. 2, 2009); State v. Jordan, No. A-0265-09 (App. Div. Nov. 18, 2011); State v. Jordan, No. M-4208-10 (App. Div. Apr. 12, 2011); State v. Jordan, No. M-6806-10 (App. Div. Aug. 29, 2011); State v. Jordan, No. M-7376-10 (App. Div. Oct. 14, 2011); State v. Jordan, No. M-0391-11 (App. Div. Oct. 14, 2011); State v. Jordan, No. M-0621-11 (App. Div. Oct. 14, 2011); State v. Jordan, No. M-4208-10 (App. Div. Apr. 12, 2011); State v. Jordan, No. A-5886-04 (App. Div. June 9, 2006); State v. Jordan, No. A-4495-06 (App. Div. Feb. 9, 2009); State v. Jordan, No. A-2410-11 (App. Div. Aug. 30, 2012). Defendant sought review by the Supreme Court on two of his post-conviction applications, and the Court

denied certification in both cases. State v. Jordan, 200 N.J. 208 (2009); State v. Jordan, 205 N.J. 273 (2011).

On December 12, 2005, defendant filed a post-conviction "Motion to Consolidate" his Monmouth, Middlesex and Ocean County Indictments pursuant to Rule 3:25A-1. That motion was denied. Defendant then moved for leave to appeal that we denied. State v. Jordan, No. AM-0392-05 (App. Div. March 23, 2006). Defendant filed a third PCR on the counts of the superseding indictment which was denied. More than a year and a half later, defendant filed a motion before this Court for leave to file as within time which we denied. State v. Jordan, No. A-1440-08 (App. Div. Dec. 12, 2008). Defendant filed a fourth PCR which was denied, and we affirmed on appeal. State v. Jordan, No. A-3379-07 (App. Div. Feb. 2, 2009).

Defendant then filed a motion for a new trial on May 12, 2009, which was denied. Defendant appealed that order and filed a motion for "summary disposition" before this court, which was denied. State v. Jordan, No. M-2349-09 (App. Div. Feb. 5, 2010). He then filed a motion with this court asking for a temporary remand, which was also denied. State v. Jordan, No. M-4470-09 (App. Div. May 11, 2010). Next, he filed a motion to dismiss the appeal without prejudice, or in the alternative to supplement the record; we granted his motion

11

to dismiss the appeal. <u>State v. Jordan</u>, No. M-6631-09 (App. Div. Aug. 20, 2010).

Just over a month later, defendant filed a motion for reconsideration of the trial court's August 2009 order denying his motion for a new trial. While his motion for reconsideration was pending, defendant filed a motion seeking to reinstate his appeal of the August 2009 order with this court, which was denied. <u>State v. Jordan</u>, No. M-4208-10 (App. Div. Apr. 12, 2011). The trial court denied defendant's motion for reconsideration in June 2011. Since then, defendant has filed no less than four additional motions with this court relating to the denial of his motion for a new trial—an appeal that he had asked this court to dismiss in the first place—each of which was denied. <u>State v. Jordan</u>, No. M-6806-10 (App. Div. Aug. 29, 2011); <u>State v. Jordan</u>, No. M-7376-10 (App. Div. Oct. 14, 2011); <u>State v. Jordan</u>, No. M-0391-11 (App. Div. Oct. 14, 2011); <u>State v. Jordan</u>, No. M-0621-11 (App. Div. Oct. 14, 2011).

In August 2015, defendant filed a motion to correct an allegedly illegal sentence, challenging the imposition of the two extended-term, life without-parole sentences imposed. The motion was denied.

In 2016, after defendant filed additional motions, our Presiding Judge for Administration[1] of the Appellate Division entered an order specifically forbidding the filing of "any further motions" submitted by the defendant unless expressly "permitted by the Appellate Division Presiding Judge for Administration." State v. Jordan, No. M-7839-15 (App. Div. Jul. 11, 2016). The order's comments are worth repeating here:

> Defendant continues to file repetitive motions seeking relief that the court has previously denied. This is defendant's eighth post-opinion motion, and it again seeks to circumvent rules established in the interest of justice to preserve finality, while affording fair opportunity to litigants to secure reconsideration in appropriate cases. A motion for reconsideration is appropriate where a party wishes to bring new or additional information to the court's attention which it could not have provided on the first application. Defendant continues to make meritless applications that do not meet this standard. Defendant is not entitled to multiple attempts to appeal his convictions or re-open his appeals more than a decade after the opinions were filed.
>
> [Ibid.]

In February 2017, defendant filed a motion with the trial court to "Correct Omissions in an Order Terminating Consolidation." The court agreed to inspect

---

[1] Effective September 1, 2022, the title was changed to Chief Judge of the Appellate Division. R. 2:13-1.

the court's file in camera for any notes pertaining to the consolidation order, then denied defendant's motion after finding "no notes, explanations, or other forms of writing related to" that order. Defendant filed a motion to reconsider and amend the order which was dismissed. Defendant thereafter appealed the order denying relief and moved for summary disposition. We summarily affirmed. State v. Jordan, No. A-2414-00 (App. Div. Jul. 19, 2017).

In July 20, 2018, defendant filed a second motion to correct an allegedly illegal sentence, specifically arguing that imposition of consecutive sentences in Monmouth following his Ocean County plea that contained no objection to concurrent sentences with Monmouth made his Monmouth County sentences "illegal." The motion was denied.

Between May 2019 and June 2019, defendant filed the components of a motion first characterized as a PCR, then as a motion to vacate the convictions. These motions were denied by the trial court.

Defendant filed "his ninth post-opinion motion to reopen" two appeals. Consistent with this court's 2016 order, the Chief Judge of the Appellate Division issued an order directing that this appeal "be marked Received, Not Filed," after finding this filing another example of defendant's "repetitive and

14

frivolous filings" and "an abuse of process." State v. Jordan, No. A-2414-00 (App. Div. Jul. 18, 2023).

CURRENT APPEAL

Concurrent to his ninth post-opinion motion with us, defendant filed with the trial court his third motion to correct an illegal sentence, pro se, in June 2023. In response, the State filed a request for entry of an order pursuant to Rosenblum, precluding defendant from filing motions before the Criminal Part without leave of the Presiding Criminal Judge.

On January 24, 2024, after oral argument, the Monmouth County Presiding Criminal Judge granted the State's motion. Concurrently, the court denied defendant's third motion to correct an illegal sentence.

Defendant raises the following issues for our consideration:

POINT I

THE ORDER PRECLUDING DEFENDANT FROM FILING FURTHER MOTIONS IN MONMOUTH COUNTY WAS IMPROPERLY IMPOSED AND SHOULD BE VACATED[.]

A. THE TRIAL COURT'S INJUNCTIVE ORDER UNDULY RESTRICTS THIS CRIMINAL DEFENDANT'S RIGHT OF ACCESS TO THE COURTS[.]

B. THE ORDER PRECLUDING DEFENDANT FROM FILING MOTIONS

15

WITHOUT LEAVE OF COURT SHOULD BE VACATED AS IT WAS NOT ISSUED IN ACCORDANCE WITH THE ROSENBLUM STANDARD ON WHICH IT WAS BASED[.]

POINT II

THIS MATTER SHOULD BE REMANDED TO THE TRIAL COURT FOR A FULL HEARING ON DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE, WHICH WAS SUMMARILY DENIED BY THE TRIAL COURT[.]

II.

We review orders imposing sanctions against litigants who file frivolous papers for abuse of discretion. Parish v. Parish, 412 N.J. Super. 39, 51 (App. Div. 2010). An assertion that a filing is frivolous may be reviewed by an Assignment Judge or their designee "with an understanding of the results of past litigation and similar allegations which have turned out to be frivolous." Rosenblum, 333 N.J. Super. at 391; see also R. 1:33-4(a). When issuing a sanction order for frivolous litigation under Rosenblum, 333 N.J. Super. at 392-97, a judge must evaluate "the volume and disposition of the cases" filed by the litigant, "address the allegations in the present complaints," "give reasons for her conclusion that the complaints may not be filed," "be assured that more traditional sanctions will not protect against frivolous litigation," and "must

16

review the new complaint to be assured that a meritorious claim is not suppressed." Ibid.; see also Parish, 412 N.J. Super. at 54.

Restrictions against a litigant's filing of prospective motions are appropriate in certain circumstances. See D'Amore v. D'Amore, 186 N.J. Super. 525, 530 (App. Div. 1982) (holding a trial court has the power to enjoin prospective harassing litigation). "However, 'that power must be exercised consistently with the fundamental right of the public to access to the courts in order to secure adjudication of claims on their merits.'" Rosenblum, 333 N.J. Super. at 396 (quoting D'Amore, 186 N.J. Super. at 530). In reviewing whether a filing is frivolous, an assignment judge must "do more than conclude [a] plaintiff's prior complaints were frivolous. The assignment judge must be assured that more traditional sanctions will not protect against frivolous litigation and must review the new complaint to be assured that a meritorious claim is not suppressed." Ibid.

Having reviewed the record, we discern no abuse of discretion in the entry of the court's order. The court found that:

> Defendant in this case continues to file repetitive motions seeking the same relief under the guise of different rules and case law that the court has previously denied.

A-1707-23

In Monmouth County alone, defendant has filed or attempted to file no less than 10 petitions for post-conviction relief, countless motions seeking a new trial, and motions to correct an illegal sentence.

He's also taken numerous appeals from his adverse rulings on the aforementioned applications and countless appellate motions relating to those appeals, all of which have been denied.

. . . .

Defendant's motion practice in the Appellate Division has been so excessive that in an effort to curb it, [] the Presiding Judge of the Appellate Division, now retired, entered an order strictly forbidding the Clerk's Office from accepting any filings from the defendant unless expressly permitted by the Appellate Division Presiding Judge for Administration.

. . . .

Here, the State seeks an order protecting the Law Division from the same frivolous filings that Judges [] have protected the Appellate Division from.

The State has included a 626 page appendix to its motion which demonstrates a striking pattern of repetitive, meritless attacks designed to undermine the interests of justice and to preserve finality.

Defendant's most recent filing in this court is his third motion to correct an illegal sentence filed only four years after the denial of his second motion to correct an illegal sentence.

There is nothing in this new motion that . . . has merit or is worth review by this [c]ourt . . . .

So, I find that the arguments presented here are repetitive, are frivolous, are meritless, and not worth discussing any -- further in an opinion.

The defendant's repetitive and meritless motions only expend precious judicial resources in a manner in direct conflict with the finality of convictions. State v. Ways, … 180 N.J. 171.

The [c]ourt finds that imposing monetary sanctions upon this defendant, who has limited means and remains incarcerated, will not sufficiently . . . deter . . . his filings.

Even so, as defendant's history with the Appellate Division following the entry of a 2016 order, demonstrates the defendant will not be stopped. The defendant has continued to file frivolous attacks on his conviction and sentence despite [the] Judge['s] order preventing him from doing so.

This [c]ourt believes that a Rosenblum order is necessary to . . . deter defendant, but is not optimistic that it will.

In short, the . . . [c]ourt is granting the State's motion for a Rosenblum order[.]

The judge issued a well-reasoned opinion ultimately concluding that such an order was permissible and necessary pursuant to Rosenblum. Moreover, the court correctly determined that this third motion to correct an illegal sentence was frivolous, repetitive, and meritless. There was no abuse of discretion in these findings which are well supported by the record.

19

We further reject defendant's argument that the court has denied him access to the courts and thus his due process rights have been violated. The order does not prohibit defendant from filing motions, but instead, requires defendant to follow a well-detailed procedure for seeking leave of the court to do so. Such filing injunctions are well within a court's judicial authority. See Zehl v. City of Elizabeth Bd. Of Educ., 426 N.J. Super. 129, 141 (App. Div. 2012) ("Judges retain the inherent authority to impose reasonable conditions on motion practice to allow for appropriate case management and the efficient and effective administration of the case.")

If defendant wants to file a motion, he can do so, but he first must send it to the Presiding Criminal Judge, who will determine if he is resubmitting a previous claim or if he sets forth any legitimate or meritorious claims. This process was clearly created for administrative purposes, not to preclude defendant's access to the courts. In defendant's pro-se supplemental brief, he recognizes this when he writes, "he is not so much worried about his filings being pre-screened to determine if it has merit because at the end of the day he just wants to be heard and treated fairly." Rather, he is concerned that, "the respective [j]udge's may not review any of his claims and just simply rely on the

20

legal or factual representations, albeit misrepresented or misleading, that may be advanced by the state."

The Supreme Court's decision in State v. Mackroy-Davis, 251 N.J. 217 (2022), supports our conclusion that the Rosenblum order was appropriate in this criminal case. There, it advised us of the following in connection with expedited, speedy-trial appeals filed by criminal defendants under the Criminal Justice Reform Act:

> If a litigant abuses the above process by filing repetitive motions that demonstrate "a pattern of frivolous litigation," the Presiding Judge for the Administration of the Appellate Division can enter an order consistent with Rosenblum v. Borough of Closter to control the practice and curtail "harassing and vexatious" motions . . . . (quoting Rosenblum, 333 N.J. Super. at 391). Such orders must be entered with caution to avoid impinging on a defendant's "fundamental right of [. . .] access to the courts." (quoting D'Amore, [] 186 N.J. Super. [] at 530 [].)
>
> [Id. at 242 n.11.]

The court's Rosenblum order balances the interests of the defendant and the judiciary in a manner that is both fair and legally sound.

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1707-23